IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FILED

January 14, 1998

Cecil W. Crowson
Appellate Court Clerk

DONNIE EUGENE BENSON,            )
                                 )   C.C.A. NO. 01C01-9708-CR-00324
        Appellant,               )   (No. 86-F-1485 Below)
                                 )   DAVIDSON COUNTY
VS.                              )
                                 )   The Hon. J. Randall Wyatt, Jr.
STATE OF TENNESSEE,              )
                                 )   (Dismissal of Post-Conviction Petition)
        Appellee.                )
                                 )   AFFIRMED PURSUANT TO RULE 20


**O R D E R**


This matter is before the Court upon the appellant's pro se Request to Proceed on the Record Without the Filing of Briefs. The state opposes the motion. The appellant is appealing from the dismissal of his petition for post-conviction relief without a hearing. In finding that the appellant's petition was barred by the statute of limitation, the trial court noted that the appellant pled guilty to one count of aggravated rape on April 13, 1987. No appeal was taken. The trial court held that the petitioner's claims, which did not fall within any of the statutorily recognized exceptions, were barred by the statute of limitation.

The Court finds that the appellant's request is well taken. Accordingly, we have reviewed the record in the above-styled cause without the benefit of argument, and we find that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

On May 13, 1996, the Post-Conviction Procedure Act was amended to reflect that no court shall have jurisdiction to consider a petition filed after the one-year statute of limitation unless one of three enumerated exceptions applied. See T.C.A. § 40-30-202(b). In the present case, the trial court correctly determined that the appellant's petition for post-conviction was time-barred. Moreover, the trial court could not have considered the request for relief as a petition for habeas corpus. The petition in this case was filed in Davidson County, Tennessee, the county in which the appellant was originally convicted. His petition shows that he is presently incarcerated in Morgan County, Tennessee. A

petition for habeas corpus must be filed in the county which is the most convenient in point of distance to the applicant unless a sufficient reason be given in the petition for not applying to such court.  T.C.A. § 29-21-105 (1980).

IT IS, THEREFORE, ORDERED that the appellant's motion to consider the above-styled appeal on the record is granted, and the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.  The appellant being indigent, costs are taxed to the state.

ENTER, this the _____ day of January, 1998.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID H. WELLES, JUDGE